UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

AR'NIASHIA BURTON,

Plaintiff,

v.

AMAZON.COM SERVICES, LLC,
AARON JOHNSON,

Defendants.

No. 6:24-cv-00563-CRW-DNM

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation of United States Magistrate Judge Dan N. MacLemore regarding Defendant Amazon.com Services, LLC's ("Amazon") Motion for Summary Judgment (Dkt. No. 13). Dkt. No. 28. The report recommends that Amazon's motion (Dkt. No. 13) be **GRANTED**. The Report and Recommendation was filed July 29, 2026. This Court hereby adopts Judge MacLemore's Recommendations.

A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served with a copy of the report and recommendation, thereby securing de novo review by the district court. 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). A district court need not consider "[f]rivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d

404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).

Plaintiff Burton filed objections to the report and recommendation on August 12, 2026. Dkt. No. 29. Amazon filed a response to Burton's objections on August 26, 2026. Dkt. No. 30. The Court has conducted a *de novo* review of the motions, the Report and Recommendation, all objections to the Report and Recommendation, the response, and the applicable laws. After that thorough review, the Court is persuaded that the Magistrate Judge's findings and recommendation should be adopted.

The Court agrees with the Report's finding that Burton failed to sufficiently allege a comparator for the purposes of alleging sex discrimination. Burton has not identified an individual outside of her protected class who was treated more favorably "under nearly identical circumstances," which means she has not stated a prima facie case of sex discrimination. *See Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017) (describing the "similarly situated" prong requirements, such as holding the same job or job responsibilities, sharing the same supervisor or having employment status determined by the same person, and have a similar history of violations or infringements). Defendant Aaron Johnson cannot be a comparator for the purposes of stating a sex discrimination claim here because both Burton and Johnson were treated the same despite belonging to different protected classes. *See* Dkt. No. 28 at 10. The Court therefore agrees with the Report that Amazon is entitled to summary judgment on Burton's sex discrimination claim.

The Court also agrees with Judge MacLemore that Amazon has shown that Plaintiff was terminated for a legitimate, non-discriminatory reason. The HR investigation resulted in a determination that both Johnson and Burton violated the standards of conduct. *See* Dkt. No. 13-4 at 4. Burton's objections to the Report's findings on this point do not save her retaliation claim. Amazon has demonstrated that there was a legitimate, non-discriminatory reason for Burton's termination: the HR investigation determined that she violated the company's standards of conduct when she engaged physically with Johnson. *See id.* at 3-4. Amazon is not required to show that the employment decision to fire Burton was proper, only that it was not discriminatory. *See Lynch v. Fluor Fed. Petroleum Operations, LLC*, 2021 U.S. Dist. LEXIS 182941, at *23 (2021). "[E]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason." *Little v. Republic Refin. Co.*, 924 F.2d 93, 97 (1991). The Court therefore agrees with the Report that Amazon is entitled to summary judgment on Plaintiff's retaliation claim.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of United States Magistrate Judge Dan N. MacLemore, Dkt. No. 28, is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Amazon's Motion for Summary Judgment (Dkt. No. 13) is **GRANTED.**

So ordered on September 21, 2026.

Chris Wolfe

CHRISTOPHER R. WOLFE
UNITED STATES DISTRICT JUDGE